Ronald E. Lefevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of The District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., S. Terry Schubert, Esq., U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

### MEMORANDUM **

Wilny Lincifort, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of a second serious incident and constant, threatening phone calls from Lincifort's asylum application. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir.2011) (omissions from application "went to the core of [the petitioner's] alleged fear of political persecution"). The

agency reasonably rejected Lincifort's explanations for the omissions. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Lincifort's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Lincifort's CAT claim also fails because it is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to Haiti. *See id.* at 1156–57.

Finally, we reject Lincifort's due process contentions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jessika Adriana MENDOZA–CAZARES,**
**Defendant–Appellant.**

**No. 13–10226.**

United States Court of Appeals,
Ninth Circuit.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-